C. Leon **WAYMAN**, Plaintiff,

v.

**WESTERN COAL CARRIER CORPORATION, a Utah corporation, and Second Injury Fund of the State of Utah, Defendants.**

No. 18495.

Supreme Court of Utah.

June 7, 1983.

Virginius Dabney, Salt Lake City, for plaintiff.

David L. Wilkinson, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Stuart L. Poelman, Timothy C. Allen, Salt Lake City, for defendants.

HALL, Chief Justice:

The issue presented by this writ of review is whether presbycusis, a loss of hearing generally associated with the aging process, is compensable by the Second Injury Fund. We conclude that it is not.

While in the employ of Western Coal Carrier Corporation, applicant C. Leon Wayman caught his toe in a cable and fell, injuring his hands, knees, left wrist and shoulder. He sought compensation for the injuries sustained, but made no claim for hearing loss. The matter was referred to a medical panel for review.[1] The panel determined the percentage of permanent partial impairment of the whole body attributable to the industrial injury and previously existing conditions, which included an impairment of twelve percent for hearing loss. However, at the urging of the Second Injury Fund, in a supplemental report the medical panel acknowledged that it had not applied the statutory correction for presbycusis,[2] and after having done so, found that the hearing impairment represented not twelve percent but zero percent of the whole body.

The administrative law judge adopted the findings of the medical panel as his own and declined to include in his award any sum for hearing loss attributable to presbycusis. The Industrial Commission adopted the findings of the administrative law judge and approved the award. Hence, this review.

The applicant advances the same contentions here as were advanced before the Commission: 1) the statutory allowance for presbycusis has no application because no claim for hearing loss was filed; 2) the Second Injury Fund is liable for all impairments incurred prior to the industrial accident, regardless of cause; and 3) any doubt as to liability is to be resolved in favor of applicant.

U.C.A., 1953, § 35–2–62 specifically provides that no claim for compensation for hearing loss shall be paid unless it can be demonstrated that the claimant has been exposed to harmful industrial noise. In the instant case, such was not done. The applicant claims to have a hearing deficiency which dates back to 1975. However, his claim for hearing loss under the industrial disease act filed in September, 1981, was subsequently withdrawn.

U.C.A., 1953, § 35–1–66 establishes a scale of payments for partial disability occasioned by injury, including hearing loss, but only after an allowance for presbycusis. It also sets forth the formula to be followed in measuring the hearing loss. U.C.A., 1953, § 35–2–60 reenacts the identical formula verbatim, which reads as follows:

In measuring hearing loss, a medical panel of medical and paramedical professionals appointed by the commission shall measure the loss in each ear at the three frequencies 500, 1000 and 2000 cycles per second which shall be added together and divided by three to determine the average decibel loss. To allow for presbycusis, there shall be deducted from the average decibel loss one-half a decibel for each year of the employee's age over forty at the time of the last exposure to harmful industrial noise. To determine the percentage of hearing loss in each ear, (after deduction of the loss in decibels for presbycusis) the average decibel loss for each decibel of loss exceeding fifteen decibels shall be multiplied by 1½% up to the maximum of 100% which is reached at 82 decibels.

The foregoing statutes, when read in proper context, and when read in light of the intended result of the Workmen's Compensation Act, do not make any provision for compensation for loss of hearing associated with advanced age.

1. As provided by the provisions of U.C.A., 1953, § 35–1–69.

2. As provided by the provisions of U.C.A., 1953, § 35–2–60.

In concluding as he did that the applicant's award was subject to an offset for presbycusis, the administrative law judge appropriately observed that:

Applicant also argues that there should be no reduction in the measurement of hearing loss for presbycusis as required by statute. The Administrative Law Judge rejects this argument as untenable. *There is nothing to indicate the legislature intended to compensate an injured worker for a pre-existing hearing loss wholly unrelated to his industrial accident by eliminating consideration of presbycusis due to normal aging factors while at the same time denying a hearing loss directly resulting from an industrial accident or occupational disease* because of the reduction in the rating process for presbycusis. Such would make no sense whatsoever and would result in precisely opposite the intended result of Workmen's Compensation legislation. [Emphasis added.]

The order of the Commission is affirmed.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.